United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 02-20880
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

WALTER J. DZIEWICKI, JR.,

Defendant-
Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-47-ALL
-----------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

    Walter J. Dziewicki, Jr., appeals his sentence following his guilty-plea conviction for possessing stolen mail, in violation of 18 U.S.C. § 1708. He argues that the district court clearly erred in calculating the loss based on the face value of the checks found in the stolen mail. We review a district court's determination of loss for clear error. United States v. Edwards, 303 F.3d 606, 645 (5th Cir. 2002), petition for cert. filed, (Dec. 20, 2002) (No. 02-8695).

———————

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Given that Dziewicki retained the checks and that he had previously negotiated forged checks, the district court's determination of intended loss is not clearly erroneous. <u>See</u> <u>United States v. Gillyard</u>, 261 F.3d 506, 509 (5th Cir. 2001) (factfinder's choice between one of two permissible views of evidence cannot be clearly erroneous), <u>cert. denied</u>, 122 S. Ct. 841 (2002).

Dziewicki also argues that the district court abused its discretion when it departed upward by two offense levels to arrive at his sentence. A district court's decision to depart from the guideline range is reviewed for abuse of discretion. <u>United States v. Cade</u>, 279 F.3d 265, 270 (5th Cir. 2002).

Application Note 15 to § 2B1.1 describes factors for consideration when assessing whether an upward departure is warranted, including "substantial non-monetary harm," "substantial invasion of privacy," and substantial loss not otherwise accounted for, including finance charges, late fees, penalties, and other similar costs. § 2B1.1, comment. (n.15(A) (ii), (iii)). The district court found that those factors were present here and departed by only two offense levels. As the departure was made based on encouraged factors, and Dziewicki's sentence remained below the statutory maximum of five years for possession of stolen mail, the departure was not an abuse of discretion. The judgment of the district court is AFFIRMED.